**STATE ex rel. Judith HOFFMAN, and Peggy Lynn Hoffman, Jill Ann Hoffman, and Terry Lee Hoffman, Minors, and Mrs. Michael Mortorano, Relators,**

v.

**Honorable Robert Lee CAMPBELL, Judge of the Circuit Court of the County of St. Louis, Missouri, Respondent.**

No. 42224.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Armstrong, Teasdale, Kramer & Vaughan, Kenneth F. Teasdale, Edwin L. Noel, Thomas B. Weaver, St. Louis, for relators.

Shepherd, Sandberg & Phoenix, John C. Shepherd, Richard A. Mueller, St. Louis, for respondent.

PER CURIAM.

This case arises from the same fatal airplane crash that is the subject of litigation in *State ex rel. Caine v. Richardson,* 600 S.W.2d 82 (Mo.App. E. Dist., 1980). Caine was a passenger in the aircraft piloted by the present plaintiffs' decedent, David Hoffman. In both cases, we issued our alternative writs of mandamus provisionally ordering the respondent trial judges to assume jurisdiction over defendant Beech Aircraft Corporation, the manufacturer of the aircraft and a foreign corporation, in wrongful death actions brought by the respective families of the decedents. Reference is made to the opinion written by Judge Smith for a detailed discussion of the unfortunate occurrence and the nature and quality of defendant

Beech's contacts within the state of Missouri.[1]

While we are here presented with an additional issue not involved in *Caine*,[2] our holding in that case that Beech is amenable under the circumstances presented to the jurisdiction of Missouri courts pursuant to § 351.633, RSMo 1978 (the "single-act tort" statute) is dispositive, and our alternative writ of mandamus is made peremptory.

Because the material facts and issues herein are duplicative of those presented in *Caine*, an extended opinion would be of no precedential value, and we make our alternative rule in mandamus peremptory by memorandum opinion pursuant to Rule 84.16, with the following brief exception.

It has been urged that several recent federal cases dealing with related issues have some bearing on the disposition of this case: *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); *Wooldridge v. Beech Aircraft Corp.*, 479 F.Supp. 1041 (W.D. Mo. 1979).

All are readily distinguishable. *World-Wide Volkswagen* denied jurisdiction where a dealer and regional distributor of automobiles on the east coast were brought to court in Oklahoma in a product liability action where the defendants' only connection with the forum was the fact that an auto sold in New York to a New York resident became involved in an accident while traveling through Oklahoma. In the instant case, Beech Aircraft in effect sold the airplane to a resident of the forum state.[3]

*Rush* put to rest the concept of quasi in rem jurisdiction in a case involving the attachment of an insuror's contractual obligation to a private foreign defendant who had no other contacts with the forum state whatever. It is not in point.

In *Wooldridge*, the U. S. District Court for the Western District of Missouri concluded that Missouri courts would not exercise jurisdiction over Beech Aircraft pursuant to the Missouri long-arm statute, § 506.500, RSMo 1978, where the cause of action did not arise from any of the acts listed in the statute as conferring jurisdiction. The sole connection of Missouri to the cause of action was that the decedent's survivors, plaintiffs in the action, were Missouri residents. The tort complained of did not occur in whole or in part in Missouri. Inasmuch as the present determination is based on the "single-act tort" statute, *Wooldridge* has no application.

Accordingly, the alternative writ of mandamus requiring respondent to exercise jurisdiction over Beech Aircraft is made peremptory.

All judges concur.

---

1.  Beech sold the aircraft to its franchised dealer in Kansas who immediately resold to a Missouri resident. Documents obtained by plaintiffs on discovery, but which were not before this court in *Caine*, reveal that Beech was aware that the craft had been ordered by, and would ultimately be delivered to, the Missouri resident several months before the sale to its Kansas distributor.

2.  Plaintiffs in *Caine* invoked Missouri jurisdiction over Beech under the "single-act tort" statute, § 351.633, RSMo 1978, and the general service statute, § 506.150, RSMo 1978. Plaintiffs here duplicated those efforts, but additionally sought to invoke jurisdiction pursuant to our "long-arm" statute, § 506.500, RSMo 1978.

3.  We note that in *World-Wide Volkswagen*, the parties who correspond to Beech here—the manufacturer and importer—did not contest Oklahoma jurisdiction beyond the trial court level.